## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEN FRANKLIN MURRAY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JASON BRYANT, Warden, )<br>)<br>Respondent. ) | Case No. CIV-14-259-JHP-KEW |

## OPINION AND ORDER

On May 13, 2013, Petitioner, Ben Franklin Murray, was convicted in Pontotoc County District Court, State of Oklahoma Case No. CF-2012-540 of Count 1: Lewd Molestation, in violation of 21 Okla. Stat. tit. 21, § 1123, and Count 2: Attempted Forcible Sodomy, in violation of 21 Okla. Stat. tit. 21, § 888, each after conviction of two or more felonies and after having entered pleas of *nolo contendere*. Dkt. # 19-1. On June 13, 2013, Petitioner was sentenced to life imprisonment on both counts, to run consecutive. Dkt. # 19-2.

On June 26, 2013, petitioner filed a *pro se* motion to withdraw his guilty plea which was denied by the district court because it was not timely filed and defendant did not allege any "verifiable defense to charges/conviction." Dkt. # 19-3. Petitioner did not perfect an appeal to the Oklahoma Court of Criminal Appeals.

On November 7, 2013, however, petitioner filed a *pro se* application for post-conviction relief in the District Court of Pontotoc County. Dkt. # 19-4. On January 9, 2014, the state district court denied post-conviction relief.

On February 3, 2014, petitioner filed a *pro se* Petition in Error in the Oklahoma Court of Criminal Appeals, Appellate Case No. PC-2014-110. Dkt. # 19-7. On April 14, 2014, the Oklahoma Court of Criminal Appeals affirmed the district court's denial of post conviction relief and denied petitioner's post-conviction application for a certiorari appeal out of time.

Thereafter, petitioner filed a motion to modify his sentence in the District Court of Pontotoc County. On May 19, 2014, the state district court denied said motion. Dkt. # 19-9. Petitioner now seeks relief from his state court conviction, pursuant to 28 U.S.C. § 2254.

Petitioner sets out four grounds for relief all of which arise out of his first ground for relief, he was not allowed to withdraw his blind pleas. He claims he received ineffective assistance of counsel because his attorney told him he didn't have a defense to the charges; he wasn't advised about the consequences of a "second page" until after he was given two life sentences; his attorney failed to recognize the significance of the trial judge having previously represented him in an earlier case; and his attorney incorrectly advised him, due to his age, he would not receive much time if he entered blind pleas.

This court has reviewed (1) the petition for writ of habeas corpus and attachments thereto; (2) the response to the petition filed by the State of Oklahoma and attachments thereto, including the transcript of the plea hearing on May 13, 2013, the transcript of the sentencing hearing on June 13, 2013, and the transcript of the motion to withdraw hearing on June 27, 2013; and (3) petitioner's reply. After a thorough review of the state court records submitted to this court, the pleadings filed herein, and the law applicable to the facts

of this case, the court finds, for the reasons set out herein, the petitioner is not entitled to the relief requested.

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Lindh v. Murphy,* 521 U.S. 320, 326-327, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997). The AEDPA delineates the circumstances under which a federal court may grant habeas relief. Under the AEDPA's provisions, this court is precluded from granting habeas relief on any claim adjudicated on the merits by a state court

> unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As a general rule, if a petitioner has failed to present a claim to the state courts in the manner prescribed by the procedural rules of the state, the state court may deem the claim defaulted. Where a state prisoner defaults his federal claims in state court based upon an independent and adequate state procedural rule, federal review of his habeas claims will be barred. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). If the state court's finding is separate and distinct from federal law, it will be considered "independent." *See Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985); *Duvall v. Reynolds*, 139 F.3d 768 (10th Cir. 1998), *cert. denied,* 525 U.S.

933, 119 S.Ct. 345, 142 L.Ed.2d 284 (1998). If the finding is applied "evenhandedly to all similar claims," it will be considered "adequate." *Maes v. Thomas*, 46 F.3d 979 (10th Cir. 1995), *cert. denied* 514 U.S. 1115, 115 S.Ct. 1972, 131 L.Ed.2d 861 (1995) (citing *Hathorn v. Lovorn*, 457 U.S. 255, 263, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982)). Where the state-law default prevented the state court from reaching the merits of the federal claim, the claim ordinarily cannot be reviewed in the federal courts. *Ylst v. Nunnemaker*, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). "Review is precluded 'unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *See Breechen v. Reynolds*, 41 F.3d 1343, 1353 (10th Cir. 1994), *cert. denied*, 515 U.S. 1135, 115 S.Ct. 2564, 132 L.Ed.2d 817 (1995) and cases cited therein. As noted in *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998), *cert. denied,* 525 U.S. 950, 119 S.Ct. 378, 142 L.Ed.2d 312 (1998), the procedural default rule is not a jurisdictional rule; rather, it is based upon the principles of comity and federalism.

Respondent argues petitioner is procedurally barred from raising the claims in grounds one and three of his petition that do not involve a claim of ineffective assistance of counsel because the Oklahoma Court of Criminal Appeals found petitioner had waived all of his claims. Specifically, the respondent claims petitioner is procedurally barred from litigating the denial of his motion to withdraw and his conflict claim regarding the trial judge having served as his attorney in another case. After reviewing the change of plea transcript, this court finds petitioner's plea was entered knowingly and voluntarily and the petitioner

4

affirmatively waived any jurisdictional limitation with the judge on both his plea form[1] and during the actual plea proceedings.[2] Additionally, the court finds the petitioner waived any conflict of interest that might have existed as a result of the judge having represented him on prior criminal charges. *See*, Dkt. # 19-10, at pp. 1-3.

The petitioner raised the same claims in his Petition in Error before the Oklahoma Court of Criminal Appeals as he raises in this case. *Cf.*, Dkt. # 1 with Dkt. # 19-7. In affirming the denial of post-conviction relief, the Oklahoma appellate court made the following ruling:

> Petitioner did not timely file a motion to withdraw his pleas, thus waiving his direct appeal. Petitioner has failed to establish entitlement to any relief in this post-conviction proceeding. All issues that were previously raised and ruled upon in direct appeal proceedings or previous post-conviction proceedings are barred as *res judicata*, and all issues that could have been raised in those previous direct appeal proceedings but were not are waived, and may not be the basis of a post-conviction application. 22 O.S.2011, §1086; *Fowler v. State*, 1995 OK CR 29, ¶2, 896 P.2d 566, 569. Petitioner did not attempt to timely withdraw his plea. Petitioner's propositions of error could have been raised on certiorari appeal following the denial of a motion to withdraw his plea, and are thus waived. *Id*. He has not established sufficient reason for not asserting or inadequately raising his current grounds for relief in direct appeal proceedings. *Id*. Therefore, the order of the District Court of Pontotoc County denying Petitioner's application for post-conviction relief in Case No. CF-2012-540 should be, and is hereby, **AFFIRMED**.

Dkt. #. 19-8. The Court went on to hold petitioner was not entitled to proceed under a post-conviction appeal out of time without furnishing sufficient reasons for his failure to appeal.

---

[1] Dkt. # 19-1.

[2] Dkt. # 19-10.

As a result, petitioner's post-conviction application for a certiorari appeal out of time was also denied. *Id*.

The Tenth Circuit has consistently held that "Oklahoma's procedural rule barring post-conviction relief for claims a petitioner could have raised on direct appeal constitutes an "independent and adequate ground" barring federal habeas review. *Sherrill v. Hargett*, 184 F.3d 1172, 1175 (10th Cir. 1999); *Steele v. Young*, 11 F.3d 1518, 1522 (10th Cir. 1993). The state court finding of procedural default is clearly independent from federal law since application of state law was the sole basis for the state court's finding. This court finds petitioner's claims regarding denial of his motion to withdraw his blind pleas and his claim of judicial conflict are procedurally barred because petitioner failed to raise them in a direct appeal.

As indicated above, federal courts do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can establish "cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998)(citing *Coleman v. Thompson*, 501 U.S. 722, 749-50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Petitioner has not shown either cause for his state default or a fundamental miscarriage of justice. Petitioner does not explicitly claim he is actually innocent of the charges but states in his second ground "I told him [defense attorney] that (sic) did not do what they said I did." Dkt. # 1, at p. 4. Petitioner does not provide any new reliable evidence to establish that he was actually innocent of the charges to which he plead. *See*, *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995).

6

Rather, petitioner never maintained his innocence by requesting a trial, but instead entered pleas of *nolo contendere* to both charges. In Oklahoma, a plea of *nolo contendere* has the same legal effect as a guilty plea except that it may not be used against the defendant as an admission in any civil suit based on the act upon which the criminal prosecution was based. *Morgan v. State*, 744 P.2d 1280, 1281 (Okla. Crim. App. 1987). As a result, this court finds petitioner has not established that a fundamental miscarriage of justice will occur if this court finds these claims are procedurally barred.[3]

Each of petitioner's grounds for relief arguably contain claims that he received ineffective assistance of counsel. Because the Oklahoma Court of Criminal Appeals found petitioner's claims had been procedurally defaulted, it did not address his ineffective assistance of counsel claims on the merits. As a result, this court must review these claims *de novo*. *See*, *Revilla v. Gibson*, 284 F.3d 1203, 1210-1211 (10th Cir. 2002).

Petitioner's claims of ineffective assistance of counsel are governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.*, 466 U.S. at 687, 104 S.Ct. at 2064. Failure to establish either prong of the *Strickland* standard will result in a denial of petitioner's Sixth Amendment claims. *Id.*, 466 U.S. at 696, 104 S.Ct. at

---

[3]Petitioner also implies he would not have entered blind pleas if he had known he would receive two life sentences. Petitioner was, however, aware at the time of his pleas that the prosecutor intended to ask the court to sentence him to two consecutive life sentences regardless of whether a jury found him guilty or he entered blind pleas. Dkt. #. 19-10, at p. 5.

2069-2070. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in Strickland,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id.*, at 466 U.S. at 689, 104 S.Ct. at 2065. In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.* The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); *see also Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective). A reviewing court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

First, petitioner claims he was not allowed to withdraw his pleas. While that claim is procedurally barred and petitioner does not explicitly blame his counsel for the denial of his motion to withdraw his pleas, he states "my attorney told me that I did not have a defence (sic) to my charges." Assuming counsel told petitioner there was no defense to these charges

8

prior to his pleas,[4] other than state in his reply that his habeas petition states "I did not do what I (sic) they said I did. That's the same thing as saying that I am not guilty of this crime." (Dkt. # 20 at p. 2), petitioner does not give any reliable facts to support these statements. As a result, this court finds petitioner has not established prejudice. *See also*, Dkt. # 19-12, at p. 3 where petitioner admits his real dissatisfaction was with the sentence he received as opposed to whether or not he was guilty of the charges to which he plead.

Second, petitioner claims counsel was ineffective in not advising him he faced enhancement of his sentence based upon his prior convictions. The record contradicts petitioner's claim. On May 15, 2013, petitioner signed his plea form, after reviewing it in detail with counsel. Dkt. # 19-1. The plea form indicates petitioner was charged after former conviction of a felony and refers the reader to page 2 of the information. Additionally, the plea form indicates petitioner was looking at a sentence of 25 years to life on Count 1 and 20 years to life on Count 2. Moreover, as indicated in footnote 3, at the time of petitioner's plea, petitioner was advised that the prosecutor intended to ask the court to sentence him to two consecutive life sentences regardless of whether a jury found him guilty or he entered blind pleas. Dkt. #. 19-10, at p. 5. Further, on question number 26 of the plea form, petitioner checked "two (2) or more prior felony convictions" and circled "yes" when asked do you understand "your plea to the charge(s) is after" (Dkt. # 19-1, at p. 5). The information

---

[4]Counsel wrote a letter to petitioner, dated July 15, 2013, long after petitioner's *pro se* motion to withdraw his plea had been denied, reminding petitioner he had admitted under oath that he had no defense to the charges and that "both charges were filed after petitioner had ten (10) prior felony convictions, four (4) of the ten (10) convictions were sexually related." Dkt. # 19-14, at p. 2.

9

and second page fully set forth petitioner's prior convictions. Dkt. # 19-15. Accordingly, based upon the record, this court finds petitioner was fully aware of the second page and his previous convictions. As a result, even if counsel failed to inform petitioner there was a second page, petitioner was not prejudiced as he was made aware of the enhancement on multiple occasions prior to entering his pleas.

Third, petitioner claims "Judge Steven Kessinger was my attorney on another sex case in 1996." Dkt. # 1, at p. 6. While this claim is procedurally barred for the reasons stated above, petitioner sets out the following facts in support of this claim: "I told my attorney about it (the 1996 case). He told me I should go ahead. Let him decide my faith (sic), he didn't tell me it was not my best hope to have him as my judge." *Id.* Liberally construing this claim as a claim that counsel was ineffective in advising petitioner on this issue, the court finds no prejudice as a result of counsel's actions. Under Oklahoma law, "[t]he mere fact that a trial judge may have previously represented a defendant or presided over a prior unrelated case does not require disqualification." *Bryan v. State*, 935 P.2d 338, 354-355 (Okla. Crim. App. 1997) (finding where a defendant requested a trial judge to recuse, the judge did not abuse its discretion by denying the request to recuse; and holding a defendant must show "that the trial court harbored prejudice against him which materially affected his rights at trial"). Because nothing within the record indicates the judge harbored any prejudice toward the petitioner, even if counsel did not advise petitioner to request recusal, petitioner has failed to establish prejudice.

Finally, petitioner claims his counsel told him he would not get very much time if he entered blind pleas because of his age. During the plea hearing, however, counsel explained on the record that the petitioner "wanted to enter the blind plea of no contest and not take the chance with a jury sentencing him where he might have two consecutive life sentences." Dkt. 19-10, at p. 5. Immediately thereafter, the prosecutor made the following statement on the record, "Judge, I did have a discussion with [petitioner] and [his counsel] prior to him completing this plea packet; clearly informed him the State would be seeking a life sentence consecutive, whether it's in front of a jury or blind plea." *Id.* As a result, this court finds petitioner has failed to establish prejudice based on anything his attorney might have said since he was clearly informed prior to completing his plea packet of the possible sentences that he could receive.

## **CONCLUSION**

After a thorough review of the petition for writ of habeas corpus and attachments thereto; the response to the petition filed by the State of Oklahoma and attachments thereto, including the transcript of the plea hearing on May 13, 2013, the transcript of the sentencing hearing on June 13, 2013, and the transcript of the motion to withdraw hearing on June 27, 2013; and petitioner's reply, this court finds petitioner has failed to establish that he is currently in custody in violation of the Constitution, laws or treaties of the United States as required by 28 U.S.C. § 2254(a). Therefore, for the reasons stated herein, petitioner's petition for writ of habeas corpus (Dkt. # 1) is hereby denied. Additionally, pursuant to Rule

11 of the Rules Governing Section 2254 cases, this Court hereby denies a certificate of appealability. The Clerk is hereby directed to enter a separate judgment in this matter.

It is so ordered on this 15th day of August, 2017.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma